**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MANUEL SANCHEZ NAVARRO,

Petitioner,

v. No. 1:26-cv-00341-DHU-JHR

PAMELA BONDI, Attorney General,
United States Department of Justice;
KRISTI NOEM, Secretary, U.S.
Department of Homeland Security;
TODD M. LYONS, Acting Director of
Immigration and Customs Enforcement;
and DAVID EASTERWOOD, Field Office
Director, St. Paul Field Office, U.S.
Immigration and Customs Enforcement,

Respondents.

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT**

THIS MATTER is before the Court on Petitioner Manuel Sanchez Navarro's Petition for a Writ of Habeas Corpus ("Petition"). Doc. 1. For the reasons set forth below, the Petition is **DISMISSED AS MOOT**.

## I.
## BACKGROUND

Petitioner is a native and citizen of Colombia who has lived in the United States since January 20, 2025. Doc. 1 at 11. He filed an Application for Asylum while in the United States. *Id.*

On January 10, 2026, Petitioner was detained by immigration officials. *Id.*

On February 7, 2026, Petitioner filed the instant Petition, challenging his immigration detention. Doc. 1 at 12-21. He asks the Court to order Respondents to immediately release him from custody or, alternatively, order Respondents to provide him with a bond hearing. *Id.* at 22.

On March 6, 2026, Respondents filed a Response to Petition, in which they notify the Court that, on February 18, 2026, Petitioner was removed to Mexico. Doc. 11 at 1. Respondents argue that, due to Petitioner's removal, there is no longer a live controversy for this Court to review or rule upon. *Id.* at 2. They ask the Court to dismiss this case for lack of jurisdiction. *Id.*

## II.
## LEGAL STANDARDS

District courts have the authority to grant a writ of habeas corpus when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88, 121 S.Ct. 2491 (2001)).

Article III of the United States Constitution forms "the basis for our mootness doctrine." *Shields Law Grp., LLC v. Stueve Siegel Hanson LLP*, 95 F.4th 1251, 1280 (10th Cir. 2024). Article III limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249 (1990). District courts do not have jurisdiction where no actual or live controversy exists. *Habecker v. Town of Estes Park*, 518 F.3d 1217, 1223 (10th Cir. 2008) ("Without a live, concrete controversy, we lack jurisdiction to consider claims no matter how meritorious." (internal quotation marks and citation omitted)). Accordingly, when an action "no longer present[s] a case or controversy," the action becomes moot. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978 (1998).

A habeas petition presents a live controversy if "some concrete and continuing injury" remains. *Id.* In the context of immigration, "[f]or a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. INS*, 488

F.3d 1061, 1064 (9th Cir. 2007); *see also Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002) ("We will not dismiss a petition as moot if . . . collateral injuries survive after resolution of the primary injury" (internal quotation marks and citation omitted)). "[W]here the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." *Abdala*, 488 F.3d at 1064.

## III.
## BRIEF DISCUSSION

In his Habeas Petition, Petitioner challenges his immigration detention and requests his release from immigration custody or, alternatively, a bond hearing. Doc. 1 at 12-22. As Petitioner was removed to Mexico on February 18, 2026, he is no longer detained and in immigration custody. The "successful resolution of [his] pending claims could no longer provide the requested relief." *See Abdala*, 488 F.3d at 1065. Accordingly, there is no actual injury or collateral consequence that can be redressed by a successful ruling on the Petition. The Court, therefore, finds that no case or controversy exists and that Petitioner's claims have become moot. *See Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) ("[Petitioner's] challenge to the legality of his detention . . . is moot. [His] administrative removal order has been executed, and thus, [he] is no longer in the custody of the DHS to benefit from a bond determination or release.").

## IV.
## CONCLUSION

**IT IS HEREBY ORDERED** that Petitioner Manuel Sanchez Navarro's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED AS MOOT**. The Clerk's Office may close this civil habeas case.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE